IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: Josefick, Curtis Edward & ) Chapter 13 Case No.:
Josefick, Michelle Lee )
) Judge:
)
Debtor(s). ) **PLAN**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(1) Debtor(s) shall pay to the Chapter 13 Trustee out of future income, the sum of $ 2,148.00 every month payable biweekly, or all of the projected future disposable income of the debtor(s), pursuant to 11 U.S.C. §§1322(a)(1) and 1325(b)(2). Plan payments shall commence within thirty days from the filing of this plan, pursuant to 11 U.S.C. §1326(a)(1).

(2) All claims entitled to **priority** under 11 U.S.C. §507 shall be paid 100% prorata with secured creditors in deferred cash payments unless a holder of a particular claim agrees to a different treatment. In addition to the costs of administration, which are to be paid in accordance with the standing procedure of this Court, the following treatment is specified for the following priority claims:

RITA                              $   640.00
SCHOOL DISTRICT       $1,890.00

(3) The following **secured** creditor(s) shall receive current monthly payments, to be paid directly by the debtor(s) **"outside"** the plan. The arrearage, if any, will be paid by the Trustee.

| Creditor | Arrearage Amount | Interest Rate | Fixed Payment |
|---|---|---|---|
| CitiFinancial | $ 0.00 | 0.00% | |
| CitiFinancial | $ 0.00 | 0.00% | |
| HFC | $ 0.00 | 0.00% | |

(4) The following **secured** creditor(s) shall be paid by the Trustee **"inside"** the plan. Each claim is secured to the extent of the value of the corresponding collateral as indicated below. The remainder of the claim, if any, is unsecured.

| Creditor | Value of Security | Interest Rate, if app. | Fixed Payment |
|---|---|---|---|
| FirstMerit | $ 4,500.00 | 10% | |
| WFNNB-Arhaus | $ 0.00 | 0% | |
| Citifinancial | $ 300.00 | 10% | |

A holder of a secured claim shall retain the lien securing such claim until the amount for which the claim is allowed as secured is paid in full, pursuant to 11 U.S.C. §§1325(a)(5)(B)(i) and 1327(c).

(5) Executory contracts and unexpired leases will be treated as follows:

| Contract Party or Lessor | Treatment: assumed or rejected |
|---|---|
| Huntington National Bank | Reject lease and surrender vehicle |

Pursuant to 11 U.S.C. §502(g), any claim filed by a party to a rejected executory contract or unexpired lease shall be allowed as if such claim arose prior to the date of the filing of the petition, subject to the right to object to the amount of the claim. Such a claimant must file a proof of claim within ninety (90) days of the meeting of creditors held pursuant to 11 U.S.C. §341.

(6) Creditors holding **unsecured** claims shall be paid at least 100 % of the amount of allowed claims, pro rata with other unsecured creditors. Pursuant to 11 U.S.C. §1325(b), the Trustee would have objected to confirmation of a plan proposing dividends for unsecured creditors of less than 100% if the plan failed to provide that all projected disposable income would be committed to the Chapter 13 plan for the next three years. Therefore, the Trustee may file a motion to modify the plan to increase the dividend if a composite plan appears to require less than 36 months for completion, notwithstanding the provisions of Article 8 herein. Pursuant to 11 U.S.C. §502(b)(2), claims for interest accruing after the filing of the petition shall not be allowed.

(7) This plan allows for payment of all or any part of a claim allowed under 11 U.S.C. §1305.

(8) The projected length of this plan is at least 36 months, as estimated by the debtor(s). If claims are filed in amounts greater than the amounts of the scheduled debts, this plan may extend beyond its stated term without further application or notice, but the length of this plan may not exceed sixty (60) months, pursuant to 11 U.S.C. §1322 (c).

(9) **The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, pursuant to 11 U.S.C. §1327. Therefore, if a creditor or contract party named herein objects to this plan, including specifically the valuation of security and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be filed before the date fixed by the Bankruptcy Court.**

(10) The following provisions shall also apply:

No provision is made for payment of WFNNB as debtors will surrender the collateral.


/s/ Curtis Edward Josefick                    /s/ Michelle Lee Josefick

DEBTOR                                        DEBTOR

Date: 5/9/05/                                 /s/ William J. Balena

                                              ATTORNEY FOR DEBTOR(S)